THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:     (415) 276-6500
Facsimile:     (415) 276-6599
Email:          thomasburke@dwt.com

STEPHEN M. RUMMAGE (*Pro hac vice application to follow*)
KENNETH E. PAYSON (*Pro hac vice application to follow*)
JOHN A. GOLDMARK (*Pro hac vice application to follow*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone:     (206) 622-3150
Fax:            (206) 757-7700
Email:          steverummage@dwt.com
                kenpayson@dwt.com
                johngoldmark@dwt.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WUEST, individual and on behalf of a class of similarly situated individuals,<br><br>      Plaintiffs,<br><br>      v.<br><br>CLEARWIRE CORPORATION; CLEARWIRE COMMUNICATIONS LLC; CLEAR WIRELESS LLC; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.<br><br>**CLEARWIRE'S NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT**<br><br>**(Removed from San Francisco County Superior Court, Case No. CGC-12-522668)**<br><br>**State Action Filed:  July 25 2012** |

C  12  5061

LB

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  NORTHERN DISTRICT OF CALIFORNIA:

3    **PLEASE TAKE NOTICE** that under the Class Action Fairness Act of 2005 ("CAFA"),

4  28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Clearwire Corporation, Clearwire

5  Communications LLC, and Clear Wireless LLC (collectively, "Clearwire") remove this action

6  from the Superior Court of the State of California for the County of San Francisco, Civil Case No.

7  CGC-12-522668, to the United States District Court for the Northern District of California.  In

8  support of this Notice of Removal, Clearwire states as follows:

9                            **INTRODUCTION**

10   1.    On July 25, 2012, Plaintiff Richard Wuest filed a complaint against Clearwire in

11 the Superior Court of the State of California for the County of San Francisco, Case No. CGC-12-

12 522668, captioned "*Richard Wuest, individual [sic] and on behalf of a class of similarly situated*

13 *individuals v. Clearwire Corporation; Clearwire Communications LL; Clear Wireless LLC; and*

14 *DOES 1 through 10, inclusive.*"

15   2.    On August 30, 2012, Mr. Wuest served Clearwire with the Summons and

16 Complaint.

17   3.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because

18 Clearwire filed it within thirty days after completion of service.

19   4.    Pursuant to 28 U.S.C. § 1446(a), Clearwire attaches as **Exhibit A** a true and correct

20 "copy of all process, pleadings, and orders served upon [Clearwire]" in the state court action,

21 together with copies of all additional records in the state court file as of September 25, 2012.

22   5.    Although Mr. Wuest has also named as defendants DOES 1 through 10, Clearwire

23 does not need the consent of those defendants to remove this action.  28 U.S.C. §§ 1441(a), (b), &

24 1453(b); *Westwood Apex v. Contreras*, 644 F.3d 799, 806 (9th Cir. 2011).

25 **FEDERAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

26   6.    This action is removable to this Court because federal diversity jurisdiction under

27 28 U.S.C. § 1332 exists over Mr. Wuest's claims under CAFA, 28 U.S.C. §§ 1332(d) & 1453.

28

DAVIS WRIGHT TREMAINE LLP

7. Congress enacted CAFA to enlarge federal jurisdiction over proposed class actions. CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (1) the proposed class consists of 100 or more members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) any member of the proposed plaintiff class is a citizen of a different state than any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5), (d)(6), & 1453(b). As shown below, this action satisfies all these requirements:

### Mr. Wuest Proposes a Class of More than 100 Persons

8. Mr. Wuest brings this case as a proposed class action, Compl. ¶¶ 1, 29–41, and seeks to certify a class under California Code of Civil Procedure § 382, Compl. ¶ 29. This action is therefore a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

9. Mr. Wuest asserts a claim for violation of the California Invasion of Privacy Act, Penal Code §§ 630 *et seq.* (the "Privacy Act"), Compl. ¶¶ 2, 42–47, on behalf of the following proposed class:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with a Clear call center from a cellular or cordless telephone located in California and whose calls with one or more of the call centers were recorded by Defendants surreptitiously or without disclosure.

*Id.* ¶ 29.

10. Mr. Wuest alleges Clearwire has a "policy and practice of recording calls to and from Clear call centers without the consent of all parties," including calls placed to "telephone numbers 888-888-3133, 877-355-9793, 877-558-8283 and 877-917-4768." *Id.* ¶ 1; *see also* ¶ 2 ("policy and practice of recording telephone conversations"); ¶ 17 ("practice and policy of recording those calls made to Clear call centers"); ¶ 18 ("Clear call centers are trained to, and instructed to, and did, record telephone calls between Clear and callers, including California

DAVIS WRIGHT TREMAINE LLP

1  callers"); ¶¶ 44–46 (similar allegations).  Mr. Wuest claims this alleged policy and practice of

2  recording calls without disclosure and consent violates the Privacy Act.  *Id.* ¶¶ 2–3.

3     11.     Although Clearwire denies liability, its business records show it received at the

4  888-888-3133 telephone number more than 10,000 phone calls from California customers with

5  California area codes during the statutory limitations period for Mr. Wuest's claims, i.e., the one-

6  year period from July 25, 2011, to July 25, 2012.  *See* Declaration of Joseph Sollner ("Sollner

7  Decl.") ¶ 2; *Montalti v. Catanzariti*, 191 Cal. App. 3d 96, 98, 236 Cal. Rptr. 231 (1987) (one-year

8  limitations period applies to Privacy Act claim for statutory penalties).  Mr. Wuest claims

9  Clearwire, as a matter of "policy and practice," recorded these calls.  *See* Compl. ¶¶ 1–3, 15–18,

10  27, 44–46.  Further, by June 2010, over eighteen percent of California residents lived in

11  households that used only wireless telephones.  *See* Nat'l Health Statistics Report, *Wireless

12  Substitution: State-level Estimates From the Nat'l Health Interview Survey, January 2007 – June

13  2010*, (Apr. 20, 2011), at p. 7, available at http://www.cdc.gov/nchs/data/nhsr/nhsr039.pdf.

14     12.     Although Clearwire contests the propriety of class certification, for purposes of

15  removal, Mr. Wuest's allegations and the number of calls from California customers with

16  California area codes (more than 10,000) to just one of the telephone numbers (888-888-3133) at

17  issue show the proposed class exceeds 100 members.  28 U.S.C. § 1332(d)(5)(B); *Morey v. Louis

18  Vuitton N. Am., Inc.*, 461 Fed. App'x 642, 644 (9th Cir. 2011) (CAFA's class-size requirement

19  met where defendant processed "'substantially in excess of 5,000 credit card transactions' during

20  the class period, a number that reasonably implies at least 100 separate credit card users");

21  *Tompkins v. Basic Research LL*, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (CAFA's

22  class-size requirement met where complaint alleged class of "thousands of persons," "implying a

23  logical minimum of 2,000 class members").

24              **The Amount in Controversy Exceeds $5,000,000**

25     13.     For purposes of removal under CAFA, "the claims of the individual class members

26  shall be aggregated to determine whether the amount in controversy exceeds the sum or value of

27  $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  Based on Mr. Wuest's

28

DAVIS WRIGHT TREMAINE LLP

1    allegations, this is an "action in which the matter in controversy exceeds the sum or value of

2    $5,000,000." *Id.* § 1332(d)(2).

3         14.     In determining whether the removing party has met the amount-in-controversy, the

4    Court looks first to the complaint. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir.

5    2010). In the event of an effort to remand, "when the complaint does not contain any specific

6    amount of damages sought, the party seeking removal under diversity bears the burden of

7    showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory

8    amount." *Id.* at 397 (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.

9    2007)). In conjunction with any motion to remand, courts may consider "summary-judgment-type

10   evidence relevant to the amount in controversy at the time of removal." *Abrego Abrego v. The*

11   *Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citation omitted). Courts may also consider

12   supplemental evidence later offered by the removing party and not included in the original

13   removal notice. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

14        15.     Clearwire denies Mr. Wuest's allegations of Clearwire's liability and will oppose

15   certification of the putative class. For purposes of establishing the jurisdictional predicates for

16   removal, however, Mr. Wuest's allegations and the number of calls from California customers

17   with California area codes to one of the telephone numbers at issue establish that the amount in

18   controversy exceeds $5,000,000. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199,

19   1205-06 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the

20   plaintiff's complaint, not what a defendant will *actually* owe.").

21        16.     "Where a statutory maximum is specified, courts may consider the maximum

22   statutory penalty available in determining whether the jurisdictional amount in controversy

23   requirement is met." *Korn*, 536 F. Supp. 2d at 1205. The Privacy Act provides a private right of

24   action for violations of the Act and permits recovery of $5,000 or three times the amount of actual

25   damages, whichever is greater. Cal. Penal Code § 637.2(a). Mr. Wuest seeks to recover "statutory

26   damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code § 632.7" and

27   claims "Plaintiff and the Class members … are entitled to $5,000 in statutory damages per

28   violation." Compl. ¶¶ 36(e) & 47. Mr. Wuest further seeks an award of "attorneys' fees under

DAVIS WRIGHT TREMAINE LLP

1  California Code of Civil Procedure § 1021.5." *Id.*, Prayer for Relief ¶ f; *see Chabner v. United of*

2  *Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (court should include amount of

3  attorney's fees plaintiffs claim, aggregated on a class-wide basis, in determining whether amount-

4  in-controversy requirement met).  Thus, according to Mr. Wuest's theory of recovery under the

5  Privacy Act, CAFA's $5 million amount in controversy requirement would be met if the proposed

6  class contains 1,001 people, each potentially entitled to recover the $5,000 statutory penalty.

7       17.    Mr. Wuest seeks to recover the $5,000 statutory penalty and attorneys' fees on

8  behalf of a class consisting of "[a]ll California residents who … participated in one or more

9  telephone conversations with a Clear call center from a cellular or cordless telephone located in

10  California and whose calls with one or more of the call centers were recorded by Defendants

11  surreptitiously or without disclosure." Compl. ¶ 29.   And Mr. Wuest alleges Clearwire has a

12  "policy and practice" of recording all calls to all its call centers, including all California calls

13  placed to 888-888-3133.  *See id.* ¶¶ 1–3, 15–18, 27, 44–46.

14       18.    Although Clearwire denies liability, its business records show it received at the

15  888-888-3133 telephone number more than 10,000 telephone calls from California customers with

16  California area codes during the statutory limitations period for Mr. Wuest's claims, July 25,

17  2011, to July 25, 2012.  *See* Sollner Decl. ¶ 2; *Montalti*, 191 Cal. App. 3d at 98 (one-year

18  limitations period applies to Privacy Act claim for statutory penalties).  Because a conservative

19  estimate of the percentage of those calls coming from callers with cellular or cordless phones

20  equals 18%, as explained above, this case therefore puts "in controversy" more than 1,800 calls

21  from California callers to Clearwire.  *See Korn*, 536 F. Supp. 2d at 1205–06 (the question under

22  CAFA is the amount "put 'in controversy' by the plaintiff's complaint").  Based on Mr. Wuest's

23  allegations and the number of California calls to only one of the telephone numbers at issue, the

24  amount in controversy substantially exceeds $5 million (1,800 times $5,000 statutory damages per

25  violation equals $9,000,000).  *See id.*; *Morey*, 461 Fed. App'x at 644 ("Because the amount in

26  controversy could be as much as $1,000 for each subsequent violation, and it is undisputed that

27  there were 'substantially in excess' of 5,000 credit card transactions, the preponderance of the

28  evidence shows that the amount in controversy exceeds $5 million."); *see also Lewis*, 627 F.3d at

1  400 (defendant not required to admit liability to remove under CAFA); *Grant v. Capital Mgmt.*

2  *Serv., L.P.*, 449 Fed. App'x 598, 600 (9th Cir. 2011) (same); *Lippold v. Godiva Chocolatier, Inc.*,

3  2010 U.S. Dist. LEXIS 47144, at *8 (N.D. Cal. Apr. 15, 2010) ("a removing defendant is not

4  obligated to research, state, and prove the plaintiff's claims for damages") (citation omitted).

5       19.    "The amount in controversy is simply an estimate of the total amount in dispute,

6  not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400.  Clearwire denies it

7  violated the Privacy Act.  But even if Mr. Wuest could prove a violation, Mr. Wuest has suffered

8  no injury in fact and has no basis for recovery.  These issues, however, are not before the Court for

9  resolution at this time.  For removal purposes only, Clearwire acknowledges the alleged amount in

10  controversy exceeds $5 million.

11  **Diversity Exists**

12       20.    Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a

13  class action in which "any member of a class of plaintiffs is a citizen of a State different from any

14  defendant."

15       21.    "[A] corporation shall be deemed to be a citizen of every State and foreign state by

16  which it has been incorporated and of the State or foreign state where it has its principal place of

17  business." *Id.* § 1332(c)(1).  Federal courts apply the "nerve center" test to determine a

18  corporation's principal place of business. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186, 1192

19  (2010).  The company's officers or members "direct, control, and coordinate" the company's

20  activities from the "nerve center." *Id.* at 1192.  The "nerve center" will "normally be the place

21  where the [company] maintains its headquarters—provided that the headquarters is the actual

22  center of direction, control, and coordination." *Id.*

23       22.    Defendants Clearwire Corporation and Clearwire Communications LLC are each

24  incorporated in Delaware and headquartered in Washington State.  Compl. ¶¶ 5–6. Defendant

25  Clear Wireless LLC is incorporated in Nevada, but like the other defendant entities, is

26  headquartered and has its principal place of business in Washington. *Id.* ¶ 7.  For diversity

27  purposes, therefore, the Clearwire defendants are citizens of Delaware, Nevada, and Washington.

28  28 U.S.C. § 1332(c)(1); *Hertz*, 130 S. Ct. at 1192.  Mr. Wuest, by contrast, alleges he is "a

7

DAVIS WRIGHT TREMAINE LLP

1 California resident." Compl. ¶ 4. Further, the Complaint seeks certification of a class consisting

2 solely of "California residents." Compl. ¶ 29.

3   23. Because the parties are diverse, this case satisfies the diversity requirements of 28

4 U.S.C. § 1332(d)(2)(A).

<strong>The Exceptions to Jurisdiction Do Not Apply</strong>

6   24. The exceptions to jurisdiction set forth in 28 U.S.C. § 1332(d)(3) and (4) do not

7 apply because Clearwire is not a citizen of the State in which Mr. Wuest originally filed this

8 action. 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B).

<strong>Clearwire Has Satisfied the Remaining Procedural Requirements for Removal</strong>

10   25. The Court has original jurisdiction over this action under 28 U.S.C. § 1332(d).

11 Clearwire may remove this action to this Court under 28 U.S.C. §§ 1441, 1446, and 1453.

12 Because Mr. Wuest filed the state court action in the Superior Court for the County of San

13 Francisco, Clearwire has properly removed the state court action to the Northern District of

14 California, and venue in the San Francisco Division or Oakland Division would be appropriate

15 under 28 U.S.C. §§ 84(a), 1391, and 1446(a), and Civil L.R. 3-2(d).

16   26. Clearwire will promptly give written notice of the filing of the original Notice of

17 Removal to Mr. Wuest, and file a copy of the Notice of Removal with the Clerk of the Superior

18 Court for the County of San Francisco, pursuant to 28 U.S.C. § 1446(d).

20   WHEREFORE, Clearwire requests that the above-described civil action be removed from

21 the Superior Court of the State of California for the County of San Francisco to the United States

22 District Court for the Northern District of California.

23   Dated: September 28, 2012.

         Respectfully Submitted,

         DAVIS WRIGHT TREMAINE LLP

         By: _____
             Thomas R. Burke

         *Attorneys for Defendants*

*DAVIS WRIGHT TREMAINE LLP*

# EXHIBIT A

# Superior Court of California, County of San Francisco

Case Number: CGC-12-522668

Title: RICHARD WUEST VS. CLEARWIRE CORPORATION et al

Cause of Action: BUSINESS TORT

Generated: Sep-25-2012 3:09 pm PST

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

# Register of Actions

Date Range: First Date Jul-25-2012    Last Date Sep-25-2012    (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence            ALL FILING TYPES                                Submit

| Date | Proceedings | Document | Fee |
|---|---|---|---|
| SEP-19-2012 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF WUEST, RICHARD INDIVIDUALLY ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS SERVED SEP-14-2012, PERSONAL SERVICE ON DEFENDANT CLEARWIRE COMMUNICATIONS LLC | View | |
| SEP-19-2012 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF WUEST, RICHARD INDIVIDUALLY ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS SERVED SEP-14-2012, PERSONAL SERVICE ON DEFENDANT CLEARWIRE CORPORATION | View | |
| AUG-31-2012 | SUMMONS ON COMPLAINT FILED BY PLAINTIFF WUEST, RICHARD INDIVIDUALLY ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS SERVED AUG-30-2012, PERSONAL SERVICE ON DEFENDANT CLEAR WIRELESS LLC | View | |
| JUL-25-2012 | JURY FEES DEPOSITED BY PLAINTIFF WUEST, RICHARD INDIVIDUALLY ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS | | 150.00 |
| JUL-25-2012 | NOTICE TO PLAINTIFF | View | |
| JUL-25-2012 | BUSINESS TORT, COMPLAINT FILED BY PLAINTIFF WUEST, RICHARD INDIVIDUALLY ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS AS TO DEFENDANT CLEARWIRE CORPORATION CLEARWIRE COMMUNICATIONS LLC CLEAR WIRELESS LLC DOES 1 THRU 10, INCL. SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR DEC-26-2012 PROOF OF SERVICE DUE ON SEP-24-2012 CASE MANAGEMENT STATEMENT DUE ON DEC-11-2012 | View | 450.00 |



SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

## Document Scanning Lead Sheet

Jul-25-2012  9:42 am

Case Number: CGC-12-522668

Filing Date: Jul-25-2012 9:33

Filed by:  ELIAS BUTT

Juke Box: 001    Image: 03698876

COMPLAINT

RICHARD WUEST VS. CLEARWIRE CORPORATION et al

001C03698876

**Instructions:**
Please place this sheet on top of the document to be scanned.

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CLEARWIRE COPRORATION; CLEARWIRE COMMUNICATIONS
LLC; CLEAR WIRELESS LLC; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD WUEST, individual and on behalf of a class of similarly
situated individuals,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Francisco County Superior Court
400 McAllister Street, Room 103, San Francisco, CA  94102

CASE NUMBER
*(Número del Caso):*
CGC-12-522668

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover (SBN 136080), KELLER GROVER LLP, 1965 Market St., San Francisco, CA (415)543-1305

CLERK OF THE COURT

DATE:                    JUL 2 5 2012                Clerk, by _____, Deputy
*(Fecha)*                                            *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

BY FAX

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Eric A. Grover (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, CA 94103<br>TELEPHONE NO.: (415)543-1305    FAX NO.: (415)543-7861<br>ATTORNEY FOR *(Name):* Plaintiff RICHARD WUEST | **FOR COURT USE ONLY**<br><br>**F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>JUL 25 2012<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Division

CASE NAME:
WUEST v. CLEARWIRE CORPORATION, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-12-522668<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 2
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2012

Eric A. Grover
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1   ERIC A. GROVER (SBN 136080)
    eagrover@kellergrover.com
2   CAREY G. BEEN (SBN 240996)
    cbeen@kellergrover.com
3   **KELLER GROVER LLP**
    1965 Market Street
4   San Francisco, California  94103
    Telephone:     (415) 543-1305
5   Facsimile:     (415) 543-7861

6   STEVEN L. MILLER (SBN 106023)
7   stevenlmiller@gmail.com
    **STEVEN L. MILLER,**
8       **A PROFESSIONAL LAW CORP.**
    16133 Ventura Blvd., Suite 645
9   Encino, California 91436
    Telephone:     (818) 986-8900
10  Facsimile:     (818) 990-7900

11  ATTORNEYS FOR PLAINTIFF
    RICHARD WUEST
12

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14              **IN AND FOR THE COUNTY OF SAN FRANCISCO**

15

16  RICHARD WUEST, individual and on behalf )   Case No.: **CGC-12-522668**
17  of a class of similarly situated individuals,  )
                                                )
18          Plaintiff,                          )   **COMPLAINT FOR DAMAGES AND**
                                                )   **INJUNCTIVE RELIEF**
19      v.                                      )
                                                )
20  CLEARWIRE CORPORATION;                      )   **DEMAND FOR JURY TRIAL**
21  CLEARWIRE COMMUNICATIONS LLC;               )
    CLEAR WIRELESS LLC; and DOES 1              )
22  through 10, inclusive,                      )
                                                )
23          Defendants.                         )   **BY FAX**
24  _____ )

25

26

27

28

─────────────────────────────────────────────

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### CLASS ACTION COMPLAINT

Plaintiff Richard Wuest ("Plaintiff" or "Wuest"), on behalf of himself and a class (the "Class") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

### INTRODUCTION

1.      This class action lawsuit arises out of Defendants' policy and practice of recording calls made to and from Clear call centers without the consent of all parties.  The telephone numbers 888-888-3113, 877-355-9793, 877-558-8283 and 877-917-4768, among numerous other numbers, connect callers with call centers for Clear, a wireless internet services provider and a division of Clearwire Corporation and its operating subsidiaries Clearwire Communications LLC and Clear Wireless LLC. Defendants then intentionally and surreptitiously record telephone calls made to Clear call centers without warning or disclosing to callers that they are doing so.

2.      Defendants' policy and practice of recording telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*). Specifically, Defendants' policy and practice violate Penal Code § 632.7, which prohibits the recording of a communication made from a cellular or cordless telephone without the consent of all parties to the communication.

3.      As a result of Defendants' violations, all individuals who called Clear call centers, including callers who used the telephone numbers 877-355-9793, 888-888-3113, 877-558-8283 and/or 877-917-4768, and were recorded by Defendants surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

### PARTIES

4.      Plaintiff Richard Wuest is an individual and a California resident.

5.      Defendant Clearwire Corporation is a Delaware corporation headquartered in Kirkland, Washington.   Clearwire Corporation regularly does business throughout the United States. On information and belief, Clearwire Corporation is not registered with the California Secretary of State

2

and therefore has not provided the Secretary of State with a principal place of business within the state of California. Clearwire Corporation systematically and continuously does business in California and with California residents.

6.     Clearwire Communications LLC is a subsidiary of Clearwire Corporation and a Limited Liability Company organized under the laws of the State of Delaware with a principal place of business in Kirkland, Washington.   Clearwire Communications LLC is not registered with the California Secretary of State and therefore has not provided the Secretary of State with a principal place of business within the state of California. Clearwire Communications LLC systematically and continuously does business in California and with California residents.

7.     Clear Wireless LLC is a subsidiary of Clearwire Corporation and a Limited Liability Company organized under the laws of the State of Nevada with a principal place of business in Kirkland, Washington.   Clear Wireless LLC systematically and continuously does business in California and with California residents.   On information and belief Clear Wireless LLC has not indentified a principal place of business within California on its most recent Statement of Information filed with the California Secretary of State.

8.     "Clear" means and refers to Defendants Clearwire Corporation, Clearwire Communications LLC, and Clear Wireless LLC, collectively.

9.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

10.     "Defendants" means and refers to Defendants Clearwire Corporation, Clearwire Communications LLC, Clear Wireless LLC, and the fictitiously named defendants, each and all of them.

3

11.     Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and on that ground alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action under California Penal Code §§ 632.7 and 637.2.

13.     This Court has personal jurisdiction over the parties because Defendants Clearwire Corporation, Clearwire Communications LLC, and Clear Wireless LLC continually and systematically have conducted business in the State of California.  Likewise, Plaintiff's rights were violated in the State of California and arose out of his contact with Defendants from California.

14.     Venue is  proper in this Court because Code of Civil Procedure §§ 395 and 395.5 and case law interpreting those sections provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county that a plaintiff desires.  On information and belief, Defendants Clearwire Corporation, Clearwire Communications LLC, and Clear Wireless LLC are foreign business entities and each has failed to designate a principal place of business in the state of California with the office of the Secretary of State as of the date this Complaint was filed.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

15.     Plaintiff is informed and believes and on that ground alleges that the telephone numbers 888-888-3113, 877-355-9793, 877-558-8283, and 877-917-4768 connect callers with call centers

4

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

providing sales and support services for Clear ("Clear call centers").  On information and belief, the Clear call centers are owned and operated by Defendants.

16.     Plaintiff is informed and believes and on that ground alleges that Defendants' employees and agents at Clear call centers receive incoming calls from callers including California callers.

17.     Plaintiff is informed and believes and on that ground alleges that Defendants intentionally have used technology consisting of hardware and/or software to carry out a practice and policy of recording those calls made to Clear call centers.

18.     Plaintiff is informed and believes and on that ground alleges that Defendants' employees and agents at Clear call centers are trained, and instructed to, and did, record telephone calls between Clear and callers, including California callers.

19.     In November, 2011, Plaintiff called Clear from his home in California using a cordless telephone.  Plaintiff called Clear to discuss the possible provision of wireless internet service to Plaintiff by Clear.  Plaintiff decided not to sign up for Clear's services at that time.

20.     On December 11, 2011, Plaintiff called Defendants from his home cordless telephone in California to order Clear wireless internet equipment and service for his father.  During the phone call with Defendants, Plaintiff shared personal and financial information with Defendants, including his name, address, and credit card information.

21.     On December 11, 2011, less than one hour after placing his order for Clear wireless equipment and services, Plaintiff again called Defendants from his home cordless telephone in California to cancel his order. The cancellation was accepted by Defendants.

22.      On December 18, 2011 Plaintiff called Defendants from his home cordless telephone in California.  Plaintiff called to inform Defendants that despite his cancellation of his order, his credit card had still been charged for Clear's services and he still received wireless internet equipment from Defendants.  Defendants' employee or agent stated that Plaintiff would be sent a return shipping label in the mail and that Plaintiff would be refunded upon returning Defendants' equipment.

5

23.     On December 30, 2011 Plaintiff called Defendants four times from California using his cell phone.  On at least two of these telephone calls Plaintiff spoke with Defendants agents and/or employees.  Plaintiff called to inform Defendants that he still had not received a return shipping label from Defendants to return Clear's equipment so that his refund could be processed.

24.     On February 23, 2012, Plaintiff called Defendants six more times from California using his cell phone and one more time using his cordless home telephone. On one such occasion, Plaintiff's call was disconnected before he spoke with Defendants' agents and/or employees. Plaintiff called to inform Defendants that his credit card had again been charged for Clear's service, despite the fact that he had returned Clear's equipment and that he wanted a refund.

25.     On February 24, 2012, Plaintiff called Defendants again from California using his cell phone.  Plaintiff called because his credit card still had not been refunded for the unauthorized charges for Clear's services.

26.     On February 27, 2012, Plaintiff called Defendants one more time from his home in California using his cordless telephone regarding the status of his refund for unauthorized charges made to his credit card.

27.     During Plaintiff's telephone calls to Defendants, Defendants failed to disclose to Plaintiff, without being asked, that his telephone conversations with Defendants were being recorded. Plaintiff did not give and could not have given consent for the telephone calls to be recorded because he was unaware that Defendants were engaged in that practice during the telephone calls. In February, 2012, during several of his telephone calls with Defendants, Plaintiff asked, without being informed at the outset of the calls by Defendants, whether his telephone calls were being recorded.  In each instance Defendants stated that Plaintiff's calls were being recorded.  Plaintiff is informed and believes and on that ground alleges that callers who called one or more Clears call centers, including those who called Clear by dialing 888-888-3113, 877-355-9793, 877-558-8283, and/or 877-917-4768, were not informed by Defendants or anyone else that their calls were being recorded.  Thus, that recording necessarily occurred without the callers' knowledge or consent.

6

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

28.     Because there was no warning that calls would be recorded, Plaintiff had a reasonable expectation that his telephone conversations with Defendants' employees and agents were, and would remain, private and confined to the parties on the telephone.  That recording without his consent is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Class.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action under California Code of Civil Procedure § 382 on behalf of himself and the class (the "Class") defined as follows:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with a Clear call center from a cellular or cordless telephone located in California and whose calls with one or more of the call centers were recorded by Defendants surreptitiously or without disclosure.

30.     The Class Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using the Defendants' records and/or Defendants' telephone company's or other toll-free service provider's records regarding calls to telephone numbers for Clear call centers to determine the size of the Class and to determine the identities of individual Class members.  Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the Class definitions or to add subclasses or limitations to particular issues.

31.     By their unlawful actions, Defendants have violated Plaintiff's and the Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq.*  The questions raised are, therefore, of common or general interest to the Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

32.     Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from the same violations of the law as other putative Class members.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent him and the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

7

33.     This action may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

**Numerosity**

34.     Based on information and belief, the Class consists of at least seventy-five individuals, making joinder of individual cases impracticable.

**Typicality**

35.     Plaintiff's claims are typical of the claims of all of the other members of the Class. Plaintiff's claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class members.

**Common Questions of Law and Fact**

36.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  Those common questions of law and fact include, without limitation, the following:

  a.     Whether Defendants have a policy or practice of recording calls made to the Clear call center;

  b.     Whether Defendants have a policy or practice of not disclosing to callers whose calls are recorded that their conversations with the Clear call center would be recorded;

  c.     Whether Defendants have a policy or practice of not obtaining callers' consent to record telephone calls made to the Clear call center;

  d.     Whether Defendants violated California Penal Code § 632.7 by  recording telephone conversations between callers and the Clear call center surreptitiously and without disclosure;

8

e.     Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code § 632.7.

**Adequacy**

37.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other Class members and have the financial resources to do so.  Neither Plaintiff nor his counsel have any interests adverse to those of the other Class members.

**Superiority**

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Even if every individual Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.  Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties and protect the rights of each Class member.  Further, it will prevent the very real harm that would be suffered by numerous putative Class members who simply will be unable to enforce individual claims of this size on their own, and by Defendants' competitors, who will be placed at a competitive disadvantage as their reward for obeying the law.  Plaintiff anticipates no difficulty in the management of this case as a class action.

39.     The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of

9

1   other Class members not parties to those adjudications or that would substantially impair or impede

2   the ability of those non-party Class members to protect their interests.

3         40.    The prosecution of individual actions by Class members would establish inconsistent

4   standards of conduct for Defendants.

5         41.    Defendants have acted or refused to act in respects generally applicable to the Class,

6   thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard

7   to members of the Class as a whole as requested herein.  Likewise, Defendants' conduct as described

8   above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the

9   Court.

### FIRST CAUSE OF ACTION

### Unlawful Recording of Communications against All Defendants

### (Violation of California Penal Code § 632.7)

42.    Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

43.    Plaintiff participated in numerous telephone calls that he made from California with Defendants' employees or agents at one or more Clear call centers and initiated those calls by dialing the telephone numbers 888-888-3113, 877-355-9793, 877-558-8283 and 877-917-4768.  Plaintiff used a cellular or cordless telephone to engage in each of the conversations.

44.    Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendants had a policy and practice of using a telephone system that enabled them to surreptitiously record conversations between Plaintiff and Class members using cellular or cordless telephones and Clear call centers.

45.    Plaintiff is informed and believes and on that ground alleges that Defendants had and followed a policy and practice of intentionally and surreptitiously recording Plaintiff's and Class members' cellular and cordless telephone conversations with one or more Clear call centers.

46.    Plaintiff is informed and believes and on that ground alleges that Defendants had and

10

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  followed a policy and practice of not advising or warning Plaintiff or Class members that their cellular
2  and cordless telephone communications with Clear call centers would be recorded.   Because
3  Defendants did not disclose to Plaintiff or Class members that their calls were being recorded,
4  Defendants did not obtain, and could not have obtained, Plaintiff's or Class members' express or
5  implied advance consent to the recording of those conversations.   As a result, Plaintiff and Class
6  members had an objectively reasonable expectation that their calls were not being recorded.   That
7  expectation and its objective reasonableness arise, in part, from the objective offensiveness of
8  surreptitiously recording people's conversations, the absence of even a simple pre-recorded message
9  as short as four simple words – "calls may be recorded" – and the ease with which such a message
10  could have been put in place.   As the California Supreme Court has stated, "in light of the
11  circumstance that California consumers are accustomed to being informed at the outset of a telephone
12  call whenever a business entity intends to record the call, it appears equally plausible that, in the
13  absence of such an advisement, a California consumer reasonably would anticipate that such a
14  telephone call is not being recorded, particularly in view of the strong privacy interest most persons
15  have with regard to the personal financial information frequently disclosed in such calls."   (See
16
17  *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

18       47.     Defendants' conduct as described above violated California Penal Code § 632.7(a).
19  Under Penal Code § 637.2, Plaintiff and Class members therefore are entitled to $5,000 in statutory
20  damages per violation, even in the absence of proof of actual damages, the amount deemed proper by
21  the California Legislature.   Plaintiff and Class members also are entitled to injunctive relief to enjoin
22  further violations.
23  ///
24  ///
25
26
27
28

11

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, prays for the following relief:

a.      An order certifying the Class and appointing Plaintiff Richard Wuest representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

b.      An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632.7;

c.      A judgment for and award of statutory damages to Plaintiff and the members of the Class pursuant to California Penal Code § 637.2;

d.      A permanent injunction under Penal Code § 637.2 enjoining Defendants from engaging in further conduct in violation of California Penal Code § 630, *et seq;*

e.      Payment of costs of the suit;

f.      Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

g.      An award of pre- and post-judgment interest to the extent allowed by law; and

h.      For such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated: July 24, 2012                                    **KELLER GROVER LLP**

By: _____

Eric A. Grover
Attorneys for Plaintiff and the Proposed Class

12

1

**JURY DEMAND**

2      Plaintiff requests a trial by jury of all claims that can be so tried.

3

4                              Respectfully submitted,

5   Dated: July 24, 2012        **KELLER GROVER LLP**

6

7                       By:    _____

8                              Eric A. Grover
                               Attorneys for Plaintiff and the Proposed Class
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        13

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CASE NUMBER: CGC-12-522668  RICHARD WUEST VS. CLEARWIRE CORPORATION et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | DEC-26-2012 |
| **TIME:** | 2:00PM |
| **PLACE:** | Department 610 |
| | 400 McAllister Street |
| | San Francisco, CA  94102-3680 |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

**Document Scanning Lead Sheet**

Aug-31-2012 9:24 am

Case Number: CGC-12-522668

Filing Date: Aug-31-2012 9:24

Filed by: MARYANN E. MORAN

Juke Box: 001   Image: 03746796

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

RICHARD WUEST VS. CLEARWIRE CORPORATION et al

001C03746796

**Instructions:**
Please place this sheet on top of the document to be scanned.

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Carey Been, 240996
Keller Grover LLP
1965 Market Street
SAN FRANCISCO, CA 94103
TELEPHONE NO.: (415) 543-1305
ATTORNEY FOR *(Name):* Plaintiff



FILED
FOR COURT USE ONLY
Superior Court of California
County of San Francisco
AUG 3 1 2012
CLERK OF THE COURT
BY: May An Moran
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

PLAINTIFF/PETITIONER: Wuest

DEFENDANT/RESPONDENT: Clearwire

CASE NUMBER:
CGC-12-522668

PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:
Clearwire

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Civil Case Cover Sheet, Summons, Complaint for Damages and Injunctive Relief, Notice to Plaintiff, Judicial Mediation Program, [blank] Case Management Statement, ADR Program Information Packet, [blank]Stipulation to ADR

3. a. Party served: Clear Wireless LLC

   b. Person Served: CSC - Becky DeGeorge - Person authorized to accept service of process

4. Address where the party was served: 2710 N Gateway Oaks Dr Ste 150
   Sacramento, CA 95833

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 8/30/2012      (2) at  (time): 1:50 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   BY FAX

   Clear Wireless LLC

   under:      Other: Limited Liability Company

7. Person who served papers
   a. Name:       Michelle Dodd
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 35.95
   e I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.: 2011-42
         (iii) County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 8/30/2012

Michelle E. Dodd

Michelle Dodd
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

OL# 8788737



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

## Document Scanning Lead Sheet

Sep-19-2012 2:39 pm

Case Number: CGC-12-522668

Filing Date: Sep-19-2012 2:39

Filed by: WESLEY G. RAMIREZ

Juke Box: 001    Image: 03770429

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

RICHARD WUEST VS. CLEARWIRE CORPORATION et al

001C03770429

**Instructions:**
Please place this sheet on top of the document to be scanned.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Carey Been, 240996<br>Keller Grover LLP<br>1965 Market Street<br>SAN FRANCISCO, CA 94103<br>TELEPHONE NO.: (415) 543-1305<br>ATTORNEY FOR (Name): Plaintiff | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>SEP 19 2012<br><br>CLERK OF THE COURT<br>BY:_____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

| PLAINTIFF/PETITIONER: Wuest | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Clearwire Corporation. | CGC-12-522668 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.<br>Clearwire |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Civil Case Cover Sheet, Summons, Complaint for Damages and Injunctive Relief, Notice to Plaintiff, ADR Packet, [blank] Case Management Statement, Judicial Mediation Program Packet, [blank]ADR Stipulation

**BY FAX**

3. a. Party served: Clearwire Corporation

   b. Person Served: Caroline Little - Corporation Service Company - Person authorized to accept service of process

4. Address where the party was served: 300 Deschutes Way SW Suite 304
   Tumwater, WA  98501

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or (date): 9/14/2012    (2) at (time): 1:15 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Clearwire Corporation

   under:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name:    C. Heater
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA  94947
   c. Telephone number: 415-491-0606
   d. The fee for service was:  $ 52.95
   e. I am:
      (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 9/17/2012

C. Heater
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure § 417.10

OL # 1767127



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

## Document Scanning Lead Sheet

Sep-19-2012 2:40 pm

Case Number: CGC-12-522668

Filing Date: Sep-19-2012 2:40

Filed by: WESLEY G. RAMIREZ

Juke Box: 001    Image: 03770431

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

RICHARD WUEST VS. CLEARWIRE CORPORATION et al

001C03770431

**Instructions:**

Please place this sheet on top of the document to be scanned.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Carey Been, 240996
Keller Grover LLP
1965 Market Street
SAN FRANCISCO, CA 94103
TELEPHONE NO: (415) 543-1305
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

**F I L E D**
Superior Court of California
County of San Francisco

**SEP 19 2012**

CLERK OF THE COURT
BY: _____
Deputy Clerk

PLAINTIFF/PETITIONER: Wuest

DEFENDANT/RESPONDENT: Clearwire Corporation,

CASE NUMBER:
CGC-12-522668

### PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:
Clearwire

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Civil Case Cover Sheet, Summons, Complaint for Damages and Injunctive Relief, Notice to Plaintiff, ADR Packet, [blank] Case Management Statement, Judicial Mediation Program Packet, [blank]ADR Stipulation

3. a. Party served: Clearwire Communications LLC

   **BY FAX**

   b. Person Served: Caroline Little - Corporation Service Company - Person authorized to accept service of process

4. Address where the party was served: 300 Deschutes Way SW Suite 304
   Tumwater, WA 98501

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 9/14/2012        (2) at (time): 1:15 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Clearwire Communications LLC

   under:        CCP 416.10 (corporation)

7. Person who served papers
   a. Name:        C. Heater
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 159.95
   e. I am
      (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 9/17/2012

C. Heater
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure § 417.10

OL # 1767126