ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
CAREY G. BEEN (SBN 240996)
cbeen@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California  94103
Telephone:   (415) 543-1305
Facsimile:    (415) 543-7861

STEVEN L. MILLER (SBN 106023)
stevenlmiller@gmail.com
**STEVEN L. MILLER,**
  **A PROFESSIONAL LAW CORP.**
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone:   (818) 986-8900
Facsimile:    (866) 581-2907

Attorneys for Plaintiff
RICHARD WUEST

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD WUEST, individually and on behalf of classes of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CLEARWIRE CORPORATION; CLEARWIRE COMMUNICATIONS LLC; CLEAR WIRELESS LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No:  3:12-cv-05061-JST<br><br>CLASS ACTION<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Ctrm:    9 - 19th Floor<br>Judge:   The Honorable Jon S. Tigar<br><br>Complaint Filed (State Court):    7/25/12<br>Complaint Removed:                   9/28/12<br>Complaint Filed (District Court): 10/1/12<br>FAC Filed:                                      6/27/13 |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## CLASS ACTION COMPLAINT

Plaintiff RICHARD WUEST ("Plaintiff" or "Wuest"), on behalf of himself and a class (the "Class") and two Subclasses (the "NCO Subclass" and the "Minacs Subclass") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

## INTRODUCTION

1.   This class action lawsuit arises out of Defendants' policy and practice of recording calls made to and from Clear call centers without the consent of all parties. The telephone numbers 888-888-3113, 877-355-9793, 877-558-8283 and 877-917-4768, among numerous other numbers, connect callers with call centers for Clear, a wireless internet services provider and a division of Clearwire Corporation and its operating subsidiaries Clearwire Communications LLC and Clear Wireless LLC. Defendants then intentionally and surreptitiously record telephone calls made to Clear call centers without warning or disclosing to callers that they are doing so.

2.   Defendants' policy and practice of recording telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*). Specifically, Defendants' policy and practice violate Penal Code § 632.7, which prohibits the recording of a communication made from a cellular or cordless telephone without the consent of all parties to the communication.

3.   As a result of Defendants' violations, all individuals who called Clear call centers, including callers who used the telephone numbers 877-355-9793, 888-888-3113, 877-558-8283 and/or 877-917-4768, and were recorded by one or more of the Defendants surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

## PARTIES

4.   Plaintiff Richard Wuest is an individual and a California resident.

5.   Defendant Clearwire Corporation is a Delaware corporation headquartered in Kirkland, Washington. Clearwire Corporation regularly does business throughout the United States. On information and belief, Clearwire Corporation is not registered with the California

1  Secretary of State and therefore has not provided the Secretary of State with a principal place of
2  business within the state of California.  Clearwire Corporation systematically and continuously
3  does business in California and with California residents.

4        6.    Clearwire Communications LLC is a subsidiary of Clearwire Corporation and a
5  Limited Liability Company organized under the laws of the State of Delaware with a principal
6  place of business in Kirkland, Washington.  Clearwire Communications LLC is not registered
7  with the California Secretary of State and therefore has not provided the Secretary of State with a
8  principal place of business within the state of California.  Clearwire Communications LLC
9  systematically and continuously does business in California and with California residents.

10        7.    Clear Wireless LLC is a subsidiary of Clearwire Corporation and a Limited
11  Liability Company organized under the laws of the State of Nevada with a principal place of
12  business in Kirkland, Washington.  Clear Wireless LLC systematically and continuously does
13  business in California and with California residents.  On information and belief Clear Wireless
14  LLC has not indentified a principal place of business within California on its most recent
15  Statement of Information filed with the California Secretary of State.

16        8.    "Clear" means and refers to Defendants Clearwire Corporation, Clearwire
17  Communications LLC, and Clear Wireless LLC, collectively.

18        9.    Aditya Birla Minacs Worldwide, Inc. ("Minacs"), previously identified as DOE 1,
19  is an Ontario, Canada corporation with a principal place of business in Toronto, Ontario, Canada.
20  Based on information and belief, Minacs performed call handling services for Clear during times
21  relevant to this complaint.  Such call handling services included receiving inbound customer
22  service calls from Clear customers with an inquiry, problem, or issue as well as placing outbound
23  calls relating to inbound calls they received.  Minacs did substantial business in California,
24  including answering telephone calls from Clear customers calling from the state of California

25        10.    NCO Customer Management, Inc. ("NCO"), previously identified as DOE 2, is a
26  Pennsylvania corporation with a principal place of business in Horsham, Pennsylvania.  Based on
27  information and belief, NCO performed call handling services for Clear during times relevant to
28  this complaint.  Such call handling services included receiving inbound customer service calls

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF      2      CASE NO. 3:12-CV-05061-JST

from Clear customers with an inquiry, problem, or issue as well as placing outbound calls relating to inbound calls they received. Minacs did substantial business in California, including answering telephone calls from Clear customers calling from the state of California

11. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 3 through 10, inclusive, and therefore sues those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

12. "Defendants" means and refers to Defendants Clearwire Corporation, Clearwire Communications LLC, Clear Wireless LLC, Minacs, NCO and the fictitiously named defendants (DOES 3 through 10), each and all of them.

13. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and on that ground alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action under California Penal Code §§ 632.7 and 637.2. This Court also has federal diversity jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

15. This Court has personal jurisdiction over the parties because Defendants Clearwire Corporation, Clearwire Communications LLC, Clear Wireless LLC, Minacs, and NCO

continually and systematically have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and arose out of his contact with Defendants from California.

16. Venue is proper in this Court pursuant to federal removal jurisdiction, 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

17. Plaintiff is informed and believes and on that ground alleges that the telephone numbers 888-888-3113, 877-355-9793, 877-558-8283, and 877-917-4768 connect callers with call centers providing sales and support services for Clear ("Clear call centers"). On information and belief, the Clear call centers are each owned and operated by one or more of the Defendants.

18. Plaintiff is informed and believes and on that ground alleges that Defendants' employees and agents at Clear call centers receive incoming calls from callers including California callers.

19. Plaintiff is informed and believes and on that ground alleges that Defendants intentionally have used technology consisting of hardware and/or software to carry out a practice and policy of recording those calls made to Clear call centers.

20. Plaintiff is informed and believes and on that ground alleges that Defendants' employees and agents at Clear call centers are trained, and instructed to, and did, record telephone calls between Clear and callers, including California callers.

21. In November, 2011, Plaintiff called Clear from his home in California using a cordless telephone. Plaintiff called Clear to discuss the possible provision of wireless internet service to Plaintiff by Clear. Plaintiff decided not to sign up for Clear's services at that time.

22. On December 11, 2011, Plaintiff called a Clear call centerfrom his home cordless telephone in California to order Clear wireless internet equipment and service for his father. During the phone call with the Clear call center, which on information and belief was owned by Clear and/or one or more of the other Defendants, Plaintiff shared personal and financial information including his name, address, and credit card information.

///

23. On December 11, 2011, less than one hour after placing his order for Clear wireless equipment and services, Plaintiff again called a Clear call center from his home cordless telephone in California to cancel his order. Based on information and belief, Plaintiff's telephone call was transferred to a Clear call center operated by NCO on Clear's behalf. The cancellation was accepted by the Clear call center.

24. On December 18, 2011 Plaintiff again called a Clear call center from his home cordless telephone in California. Based on information and belief, Plaintiff's telephone call was again transferred to a Clear call center operated by NCO on Clear's behalf. Plaintiff called to inform Clear that despite his cancellation of his order, his credit card had still been charged for Clear's services and he still received wireless internet equipment from Clear. The call center employee or agent stated that Plaintiff would be sent a return shipping label in the mail and that Plaintiff would be refunded upon returning the equipment.

25. On December 30, 2011 Plaintiff called Clear call centers four times from California using his cell phone. On at least two of these telephone calls Plaintiff spoke with Defendants agents and/or employees. Based on information and belief, at least one of Plaintiff's telephone calls was transferred to a Clear call center operated by NCO on Clear's behalf. Plaintiff called to inform Clear that he still had not received a return shipping label from Defendants to return Clear's equipment so that his refund could be processed.

26. On February 23, 2012, Plaintiff called Clear call centers six more times from California using his cell phone and one more time using his cordless home telephone. On one such occasion, Plaintiff's call was disconnected before he spoke with Defendants' agents and/or employees. Based on information and belief, at least one of Plaintiff's telephone calls was transferred to a Clear call center operated by NCO on Clear's behalf. Plaintiff called to inform Clear that his credit card had again been charged for Clear's service, despite the fact that he had returned Clear's equipment and that he wanted a refund.

27. On February 24, 2012, Plaintiff called a Clear call center again from California using his cell phone. Plaintiff called because his credit card still had not been refunded for the unauthorized charges for Clear's services.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF          5                CASE NO. 3:12-CV-05061-JST

28. On February 27, 2012, Plaintiff called a Clear call center one more time from his home in California using his cordless telephone regarding the status of his refund for unauthorized charges made to his credit card. Based on information and belief, Plaintiff's telephone call was transferred to a Clear call center operated by Minacs on Clear's behalf.

29. During Plaintiff's telephone calls to Defendants, Defendants failed to disclose to Plaintiff, without being asked, that his telephone conversations with Defendants were being recorded. Plaintiff did not give and could not have given consent for the telephone calls to be recorded because he was unaware that Defendants were engaged in that practice during the telephone calls. In February, 2012, during several of his telephone calls with Defendants, Plaintiff asked, without being informed at the outset of the calls by Defendants, whether his telephone calls were being recorded. In each instance Defendants stated that Plaintiff's calls were being recorded. Plaintiff is informed and believes and on that ground alleges that callers who called one or more Clears call centers, including those who called Clear by dialing 888-888-3113, 877-355-9793, 877-558-8283, and/or 877-917-4768, were not informed by Defendants or anyone else that their calls were being recorded. Thus, that recording necessarily occurred without the callers' knowledge or consent.

30. Because there was no warning that calls would be recorded, Plaintiff had a reasonable expectation that his telephone conversations with Defendants' employees and agents were, and would remain, private and confined to the parties on the telephone. That recording without his consent is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Class and Subclasses.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action under Federal Rules of Civil Procedure, Rule 23 on behalf of himself and the class (the "Class") defined as follows:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with a Clear call center owned or operated by Defendants other than NCO or Minacs from a cellular or cordless telephone located in California and whose calls with one or more of the call centers were recorded by

Defendants other than NCO or Minacs surreptitiously or without disclosure.

32. Plaintiff also brings this action under Federal Rules of Civil Procedure, Rule 23 on behalf of himself and the following Subclass (the "NCO Subclass") defined as follows:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with a Clear call center owned or operated by NCO from a cellular or cordless telephone located in California and whose calls with the Clear call center were recorded by NCO and/or Clear surreptitiously or without disclosure.

33. Plaintiff also brings this action under Federal Rules of Civil Procedure, Rule 23 on behalf of himself and the following second Subclass (the "Minacs Class") defined as follows:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with a Clear call center owned or operated by Minacs from a cellular or cordless telephone located in California and whose calls with the Clear call center were recorded by Minacs and/or Clear surreptitiously or without disclosure.

34. The NCO Subclass and the Minacs Subclass shall be collectively referred to herein as "the Subclasses."

35. The Class and Subclasses Plaintiff seeks to represent contain numerous members and are clearly ascertainable including, without limitation, by using the Defendants' records and/or Defendants' telephone company's or other toll-free service provider's records regarding calls to telephone numbers for Clear call centers to determine the size of the Class and to determine the identities of individual Class members. Plaintiff reserves the right to amend or modify the Class or Subclass definitions or to add additional subclasses or limitations to particular issues.

36. By their unlawful actions, Defendants have violated Plaintiff's and the Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq*. The questions raised are, therefore, of common or general interest to the Class members and the members of the two Subclasses, who have a well-defined community of interest in the questions of law and fact raised in this action.

37. Plaintiff's claims are typical of those of the Class and Subclasses, as Plaintiff now suffers from the same violations of the law as other putative Class and Subclass members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent him and the Class and Subclasses, and Plaintiff will fairly and adequately represent the interests of the Class and Subclasses.

38. This action may properly be maintained as a class action under Federal Rules of Civil Procedure, Rule 23 because the Class and Subclasses are too numerous for joinder, Plaintiff's claims are typical of those of the Class and Subclasses, common questions of law and fact will predominate, Plaintiff and his counsel can adequately represent the Class and Subclasses, and a class action would be superior to other methods of adjudication.

**NUMEROSITY**

39. Based on information and belief, the Class and each of the Subclasses consist of at least seventy-five individuals, making joinder of individual cases impracticable.

**TYPICALITY**

40. Plaintiff's claims are typical of the claims of all of the other members of the Class and Subclasses. Plaintiff's claims and the Class and Subclass members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class and Subclass members.

**COMMON QUESTIONS OF LAW AND FACT**

41. There are questions of law and fact common to the Class and Subclasses that predominate over any questions affecting only individual Class and Subclass members. Those common questions of law and fact include, without limitation, the following:

    a. Whether Clear, Minacs, NCO, and the other Defendants have a policy or practice of recording calls made to Clear call centers;

    b. Whether Clear, Minacs, NCO, and the other Defendants have a policy or practice of not disclosing to callers whose calls are recorded that their conversations with the Clear call center would be recorded;

///

      c.      Whether Clear, Minacs, NCO, and the other Defendants have a policy or practice of not obtaining callers' consent to record telephone calls made to Clear call centers;

      d.      Whether Clear, Minacs, NCO, and the other Defendants violated California Penal Code § 632.7 by recording telephone conversations between callers and Clear call centers surreptitiously and without disclosure;

      e.      Whether Class members and members of the two Subclasses are entitled to statutory damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code § 632.7 they suffered.

## **ADEQUACY**

42. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclasses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other Class and Subclass members and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other Class or Subclass members.

## **SUPERIORITY**

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class and Subclass members is impracticable and questions of law and fact common to the Class and Subclass predominate over any questions affecting only individual members of the Class and Subclasses. Even if every individual Class and Subclass member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and

the parties and protect the rights of each Class and Subclass member. Further, it will prevent the very real harm that would be suffered by numerous putative Class and Subclass members who simply will be unable to enforce individual claims of this size on their own, and by Defendants' competitors, who will be placed at a competitive disadvantage as their reward for obeying the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

44. The prosecution of separate actions by individual Class and Subclass members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class and Subclass members not parties to those adjudications or that would substantially impair or impede the ability of those non-party Class and Subclass members to protect their interests.

45. The prosecution of individual actions by Class and Subclass members would establish inconsistent standards of conduct for Defendants.

46. Defendants have acted or refused to act in respects generally applicable to the Class and Subclass, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class and Subclass as a whole as requested herein. Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

**Unlawful Recording of Communications Against All Defendants on Behalf of Plaintiff, the Class, the NCO Subclass, and the Minacs Subclass**

**(Violation of California Penal Code § 632.7)**

47. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

48. Plaintiff participated in numerous telephone calls that he made from California with Defendants' employees or agents at one or more Clear call centers and initiated those calls by dialing the telephone numbers 888-888-3113, 877-355-9793, 877-558-8283 and/or 877-917-4768. Plaintiff used a cellular or cordless telephone to engage in each of the conversations.

///

49. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendants had a policy and practice of using telephone systems that enabled them to surreptitiously record conversations between Plaintiff and Class members using cellular or cordless telephones and Clear call centers.

50. Plaintiff is informed and believes and on that ground alleges that Defendants had and followed a policy and practice of intentionally and surreptitiously recording Plaintiff's and Class members' cellular and cordless telephone conversations with one or more Clear call centers.

51. Plaintiff is informed and believes and on that ground alleges that Defendants had and followed a policy and practice of not advising or warning Plaintiff or Class members that their cellular and cordless telephone communications with Clear call centers would be recorded. Because Defendants did not disclose to Plaintiff or Class members that their calls were being recorded, Defendants did not obtain, and could not have obtained, Plaintiff's or Class members' express or implied advance consent to the recording of those conversations. As a result, Plaintiff and Class members had an objectively reasonable expectation that their calls were not being recorded. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place. As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.) Defendants' conduct as described above violated California Penal Code § 632.7(a). Under Penal Code § 637.2, Plaintiff and Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the

California Legislature. Plaintiff and Class members also are entitled to injunctive relief to enjoin further violations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, prays for the following relief:

a. An order certifying the Class and appointing Plaintiff Richard Wuest representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class and each of the two Subclasses;

b. An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632.7;

c. A judgment for and award of statutory damages to Plaintiff and the members of the Class pursuant to California Penal Code § 637.2;

d. A permanent injunction under Penal Code § 637.2 enjoining Defendants from engaging in further conduct in violation of California Penal Code § 630, *et seq;*

e. Payment of costs of the suit;

f. Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

g. An award of pre- and post-judgment interest to the extent allowed by law; and

h. For such other or further relief as the Court may deem just and proper.

Dated: June 27, 2013　　　　　　　　　Respectfully submitted,

**KELLER GROVER LLP**

By: _____
　　　ERIC A. GROVER

Attorneys for Plaintiff RICHARD WUEST, individually and on behalf of classes of similarly situated individuals

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 27, 2013          Respectfully submitted,

**KELLER GROVER LLP**

By: _EAGrv_____
     ERIC A. GROVER

Attorneys for Plaintiff RICHARD WUEST, individually and on behalf of classes of similarly situated individuals